## NACHMAN v WEINBERGER DRUG STORES, INC

Ohio Appeals, 2nd Dist, Franklin Co

No 2992. Decided April 7, 1939

Henry Metcalf, Columbus, John F. Seidel, Columbus, for plaintiff-appellee.

Henderson, Burr, Randall & Porter, Columbus, for defendant-appellant.

## OPINION

By HORNBECK, PJ.

An appeal on questions of law from a money judgment in favor of the plaintiff.

The notice of appeal is on law and fact and a supersedeas bond was given but the cause clearly was one for money only tried to the court, acting as a jury. A bill of exceptions has been prepared, signed and authenticated and the cause is argued and presented here in all particulars as an appeal on questions of law as it properly is. We so consider it.

Briefly, the issues were drawn by the claim of the plaintiff in his petition that by virtue of an oral contract between him and the defendant he was to act as Manager and operate a retail drug store known as Gray's Cut Rate Drug Store in Columbus, Ohio, and was to be paid for said service the sum of $45.00 per week and at the end of each year 25% additional for profits earned in said store.

Defendant, answering, admitted the employment of plaintiff as Manager on salary; that he was entitled to bonus, not as upon the basis nor in the amount claimed by him, but upon the same basis as managers of other stores owned and operated by defendant company. At the conclusion of plaintiff's case the defendant moved for directed verdict and renewed the motion after the submission of all of the evidence. The court having found in favor of the plaintiff, defendant moved for new trial and for judgment notwithstanding the verdict, all of which motions were overruled. The judgment for plaintiff was in the

sum of $1334.17 with interest.

The record is voluminous, the exhibits are largely made up of audits, the briefs are extended but the controlling issue presented and determined is very simple and may be thus stated. Plaintiff asserts that he entered into an agreement with Adolph Weinberger, president of defendant company, to manage the Gray store; said company to pay to plaintiff $45.00 per week and in addition to that salary he was to receive 25% of the profits of the store; that in the conversation wherein plaintiff was employed he was assured that the Gray store would receive the benefit of collective buying, would get their merchandise at net cost plus operating expenses of the warehouse of defendant company and that the profit, of which plaintiff was to share 25%, was the profit of the sales of the entire store including warehouse profits on merchandise sold at that store.

The defendant denies that the contract was made with plaintiff by Mr. Weinberger and says that the royalty or bonus on profit in which plaintiff was entitled to share was upon the basis of computing royalties commonly used by all of the chain of stores operated by defendant company. The formula for determining royalties claimed by defendant under the contract was involved and is set forth as follows:

"(1) The gross profit in the Drug Department of a particular store would be determined by deducting from actual net sales in the Drug Department, the invoice price of merchandise in that department.

(2) The 'net profit available for additional compensation' would be reached by deducting 'operating expenses' from gross profit in the Drug Department. 'Operating Expenses' for this purpose was determined by finding the percentage relation of operating expenses in the Drug Department of Retail Stores to net sales in the Drug Department of all Retail Stores owned and operated by defendant company and using that percentage of net sales in the Drug Department of the particular store instead of actual operating expenses in the Drug Department of the particular store.

(3) A percentage, usually 25%, (to be determined by the management each year), of the net profit available for additional compensation of the store determined in the manner above stated less deductions for (a) interest, at the rate of 6% per annum, on the Drug Store Department inventory at the close of the fiscal year, and (b) Federal Income Tax at the statutory rate would be the additional compensation to which a manager would be entitled.

If, however, the management was of the opinion that a particular store manager by reason of his dilligence and effort was entitled to additional compensation, such additional compensation was allowed in the amount wholly within the discretion of the management, even though the store showed no net profit available for additional compensation."

The trial judge found generally for the plaintiff and that the contract under which he operated was made as claimed by him and that the term "profits" contemplated the calculation and computation as contended for by him. The trial judge filed an opinion and a supplementary decision wherein he modified in particulars, relating to calculation only, the sum fixed as due the plaintiff in the original decision.

It would serve no good purpose for us to set out and discuss the lengthy and involved issues drawn by the pleadings, the intricate and extended audits offered in evidence and to discuss the legal principles and numerous authorities cited by counsel in their voluminous briefs. Suffice it to say that we are satisfied that the trial judge, acting as a jury, determined the factual issues well within the evidence and properly applied the law thereto. We are in accord with his opinion, accept and adopt it.

It is urged particularly that there was no meeting of the minds; that the

representative of the defendant, Mr. Gray and not Mr. Weinberger, in contracting with the plaintiff intended only to assure to the plaintiff royalty upon the well recognized formula of defendant company for computing such added compensation. The trial judge was well within his preprogative in finding that what was claimed to be in the mind of the representative of the company was not communicated to the plaintiff and it is certainly obvious that had it not been so communicated it would not have been contemplated by the plaintiff. There is nothing in this record to support the finding that the plaintiff was cognizant of the intricate and involved formula which the defendant now asserts controlled his rights to royalty. It may be properly assumed when when one elects to speak for his principal that the language employed is used in its ordinary and simple meaning. If the contract was in the language as set out by the plaintiff, and the trial judge had a right to so find, then it was a simple contract and "profits" contemplated profits as would be commonly understood in the light of what the parties said when the agreement was made.

The burden of proving the contract as claimed in the petition was on the plaintiff but the trial judge had a right consider the circumstances and it is unusual, to say the least, that a company operating many stores in various parts of the country would bind a manager to accept royalties computed upon such an involved formula as here presented without embodying it in a written agreement which the parties would execute in due form. The very fact that the formula is so involved and so difficult of interpretation is convincing that any prospective manager would be unable to appreciate his rights unless and until it was set out in some concrete form whereby he would have opportunity to consider and grasp its meaning.

We have given attention to the excellent briefs of counsel and all errors assigned but finding no one of them well made, the judgment will be affirmed.

GEIGER and BARNES, JJ, concur.